56 F.3d 71
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Delores KELLEY, Plaintiff-Appellant,
v.
H. Lawrence GARRETT, Secretary of Navy, Defendant-Appellee.
 No. 93-56556.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 3, 1995.
Decided June 2, 1995.
 
 1
 Before: D.W. NELSON and CANBY, Circuit Judges, and TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 I.
 
 3
 Delores Kelley appeals the district court's grant of summary judgment in favor of the Secretary of the Navy (Secretary) in this Title VII action. We affirm.
 
 II.
 
 4
 In his motion for summary judgment, the Secretary argued that Kelley could not establish a prima facie case of racial discrimination. The Secretary asserted that although Kelley may have had the "paper qualifications" for the position, Kelley had poor interpersonal skills, had never been rated as a supervisor, and had not done a good job as a temporary supervisor of her department. The Secretary also offered two legitimate, nondiscriminatory reasons for the Navy's decision to transfer Carrie Renfro into the position instead of holding an open competition for the position: (1) the Housing Department wished to fill the position quickly and an open competition would be more time-consuming than a lateral transfer; and (2) Renfro could adapt to the position more easily than Kelley because Renfro had more supervisory experience than Kelley.
 
 
 5
 The district court rejected the Secretary's argument as to Kelley's ability to establish a prima facie case, but granted summary judgment to the Secretary because Kelley had not pointed to evidence calling the Secretary's proffered legitimate, nondiscriminatory reasons into doubt or in any other way creating an inference of racial discrimination. The district court found that Kelley established each of the elements of a prima facie case of racial discrimination, including that she was qualified for the position. The court noted that the qualifications for the position at issue were inherently subjective and malleable, and that Kelley had routinely been rated as "outstanding" in all job performance categories. The court held that because Kelley had a consistently superior work record and was qualified on paper, she had established that she was qualified for the position.
 
 
 6
 While the district court held that Kelley established a prima facie case of racial discrimination, it also held that Kelley failed to raise a genuine issue of material fact as to whether the Secretary's proffered legitimate nondiscriminatory reasons for its decision were a pretext for racial discrimination. The district court held that Kelley did not point to facts raising a genuine issue as to the credibility of the Secretary's claim that it transferred Renfro instead of holding an open competition because (1) the Department wished to fill the position quickly and it would take less time to transfer Renfro laterally than to hold an open competition; and (2) Renfro's two year's of supervisory experience would allow her to adapt to the position more easily than could Kelley, who had only acted as a temporary supervisor for two months. Therefore, the district court granted summary judgment to the Secretary.
 
 III.
 
 7
 We review de novo the district court's grant of summary judgment. Wallis v. J.R. Simplot Co., 26 F.3d 885, 888 (9th Cir. 1994). We must decide whether Kelley raised a genuine issue of material fact as to whether the Secretary's proffered reasons for its decision were mere pretext or, put another way, whether Kelley raised a genuine issue of material fact with regard to discriminatory intent. Washington v. Garrett, 10 F.3d 1421, 1433 (9th Cir. 1993); Lam v. University of Hawai'i, 40 F.3d 1551, 1559 (9th Cir. 1994). Kelley could have met this burden by "produc[ing] specific facts either directly evidencing a discriminatory motive or showing that the employer's explanation is not credible." Lindahl v. Air France, 930 F.2d 1434, 1438 (9th Cir. 1991); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981) (an employee can demonstrate that an employer's proffered reason for its decision is pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence"). We agree with the district court's determination that Kelley failed to produce facts directly evidencing a discriminatory motive on the part of the Secretary or suggesting that the Secretary's explanation for its decision to laterally transfer Renfro into the position was not worthy of credence.
 
 
 8
 Kelley did not point to any evidence challenging the two proffered legitimate, nondiscriminatory reasons relied upon by the district court. Kelley's strongest attack on the Secretary's case is pertinent not to the Secretary's proffered reasons for laterally transferring Renfro instead of holding an open competition, but to the Secretary's argument in district court that Kelley failed to establish that she was qualified for the position for the purpose of her prima facie case. Because the district court rejected the Secretary's argument that Kelley was not qualified for the position, an attack on the Secretary's contention that Kelley was not qualified for the position cannot form the basis for reversing the district court's decision. The fact that the Secretary resisted Kelley's successful attempt to establish a prima facie case does not dishonor the neutral reasons the Secretary offered for the employment decision. Cf. Odima v. Westin Tucson Hotel Co., 991 F.2d 595, 600 (9th Cir. 1993) ("a finding that one of [the employer's] proffered reasons was pretextual does not in itself support ... [an] ultimate conclusion that [the employer] discriminated against [the plaintiff]").
 
 
 9
 Because we agree with the district court that Kelley failed to raise a genuine issue of material fact as to whether the Secretary's proffered reasons for laterally transferring Renfro instead of holding an open competition were pretextual, we affirm.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3